UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMONA ROBINSON, | : |
| Plaintiff, | : Civil Action No. 5:12cv00151-CMR |
| -against- | : |
| GMAC MORTGAGE and<br>PHELAN HALLINAN & SCHMIEG, LLC, | : |
| Defendants. | : |

**MOTION OF DEFENDANT PHELAN HALLINAN & SCHMIEG, LLP**
<u>**TO DISMISS AMENDED COMPLAINT**</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Phelan Hallinan & Schmieg, LLP (incorrectly named as an LLC) ("PHS"), files this Motion to Dismiss all claims asserted against PHS by plaintiff Simona Robinson in her amended complaint. For the reasons set forth in PHS's prior Motion to Dismiss the original complaint and supporting Memorandum filed therewith on February 14, 2012, as well as for the reasons set forth in the Motion to Dismiss and supporting Memorandum filed by defendant GMAC Mortgage on March 7, 2012, which are incorporated herein by reference, all claims asserted against PHS should be dismissed.

Although plaintiff has claimed to "amend" her complaint with respect to PHS, the reality is that little has changed from the prior complaint. Thus, most of the grounds for PHS's First Motion to Dismiss remain unaddressed, and are equally applicable to the amended complaint.

To summarize, only two claims are asserted against PHS: (1) a Fair Debt Collection Practices Act ("FDCPA") claim; and (2) an abuse of process claim. As to the FDCPA claim, plaintiff has done nothing more to address the one-year statute of limitations bar previously highlighted by both PHS and GMAC in their motions to dismiss. 15 U.S.C. § 1692k(d).

Additionally, plaintiff continues to ignore the Third Circuit precedent cited in PHS's prior brief, *Rhodes v. Diamond*, 433 Fed. Appx. 78, 2011 WL 1591495 (3d Cir. 2011) (where PHS was also a defendant). *Rhodes* specifically holds that any actions taken by PHS in connection with a Bankruptcy Court proceeding are not actionable under the FDCPA or under state law. The Third Circuit affirmed "the Bankruptcy Code preempts state law claims allegedly arising from an abusive bankruptcy filing or ***other wrongful conduct*** committed during the course of a bankruptcy case." *Id*. at 80 (*quoting In re Pariseau*, 395 B.R. 492, 495 (Bankr. M.D. Fla. 2008) (emphasis added)). The alleged wrongful conduct here all occurred in connection with, and arises out of, plaintiff's bankruptcy proceeding.

Additionally, plaintiff's claim that PHS committed an "abuse of process" by "keeping alive" the foreclosure proceeding still fails to pass muster under Federal Rule of Civil Procedure 11. Plaintiff's statute of limitations problem remains, as noted by both PHS and GMAC. The statute of limitations for abuse of process is two years, whereas the foreclosure proceeding has been inactive since 2005. 42 Pa.C.S. § 5501, et seq. Moreover, PHS is not a party to the foreclosure proceeding, only counsel of record. There can be no "abuse of process" by PHS, and actions taken as counsel by PHS in the foreclosure proceeding do not give rise to tort claims against PHS because PHS is protected by the judicial privilege. *Env. Tectonics Corp. v. Walt Disney World Co*., No. 05-6412, 2008 WL 821065, at *17, n. 35 (E.D.Pa. Mar. 26, 2008).

    Respectfully submitted,

By: /s/
Kenneth Goodkind, Esq.
Alexis Arena, Esq.
**FLASTER/GREENBERG P.C.**
1600 John F. Kennedy Blvd., 2nd Floor
Philadelphia, PA  19103
*Attorneys for Defendant Phelan Hallinan & Schmieg, LLP*

Dated:  March 8, 2012