IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                    :
**SIMONA ROBINSON,**                :
                **Plaintiff,**  :   **CIVIL ACTION**
    **v.**                         :
                                    :   **NO. 12-151**
**GMAC MORTGAGE, and**              :
**PHELAN HALLINAN & SCHMIEG, LLC,** :
                **Defendants.** :
                                    :
_____

## ORDER

**AND NOW**, this 9th day of August 2012, upon consideration of Defendant Phelan Hallinan & Schmieg, LLC's ("PHS") Second Motion to Dismiss for Failure to State a Claim (Doc. No. 10), Plaintiff's responses in opposition thereto (Doc. Nos. 14, 22), PHS's Reply (Doc. No. 30), and Plaintiff's sur-reply (Doc. No. 34), and light of the nature of the claims alleged in the First Amended Complaint, it is hereby **ORDERED** that, pursuant to Section 362 of the Bankruptcy Code, 11 U.S.C. § 362, this matter shall be **STAYED** as to all Defendants, claims, and motions pending resolution of the related bankruptcy matter currently pending in the United States Bankruptcy Court for the Southern District of New York or until the stay is otherwise lifted as to the claims at issue in this case.[1]

---

[1] By Order dated June 27, 2012, the Court stayed all proceedings as to Defendant GMAC Mortgage in light of GMAC's Notice of Bankruptcy and Effect of Automatic Stay (Doc. No. 31). Upon review of the pleadings in this matter, the Court finds that the nature of the claims as alleged in the First Amended Complaint and the nature of the relationship between Debtor-Defendant GMAC and Defendant PHS, as counsel to GMAC, require that the proceedings be stayed as to both Defendants pending resolution of the bankruptcy matter.

    While a court is not required to stay proceedings against a non-debtor co-defendant such as PHS when its debtor co-defendant files for bankruptcy, courts have extended 11 U.S.C. § 362's protections to non-debtor parties when "there is such identity between the debtor and the [non-debtor co-defendant] that the debtor may be said to be the real party defendant and . . . a judgment against the [non-debtor co-defendant] will in effect be judgment or finding against the debtor." McCartney v. Integra Nat'l Bank N., 106 F.3d 506, 510 (3d Cir. 1997); see also In re Phila. Newspapers, LLC, 423 B.R. 98, 104 (E.D. Pa. 2010). Here, the claims asserted against PHS are simultaneously asserted against GMAC, and Plaintiff alleges that PHS acted at the direction of and as an agent for GMAC. Further, Plaintiff does not differentiate between the actions of GMAC and PHS in asserting claims against them; rather, Plaintiff alleges generally that "Defendants" acted unlawfully.

    Given the nature of the claims, to allow Plaintiff to proceed against PHS would have the effect of encouraging GMAC to choose to either participate in the proceedings, or be inhibited in the future from adequately defending itself if a judgment has been rendered against PHS. See In re Loewen Grp., Inc. Sec. Litig., No. 98-6740,

It is **FURTHER ORDERED** that the parties shall, either individually or jointly, file a written report on or before **September 25, 2012**, updating the Court on the status of the related bankruptcy proceedings.

It is so **ORDERED.**

                                                            **BY THE COURT:**

                                                            /s/ Cynthia M. Rufe

                                                            _____

                                                            **CYNTHIA M. RUFE, J.**

---

2001 WL 530544, at *3 (E.D. Pa. May 16, 2001); Roberts v. We Love Country, Inc., No. 04-5631, 2005 WL 2094843, at *2-3 (E.D. Pa. Aug. 29, 2005). Additionally, to allow this litigation to proceed in a piecemeal fashion would "risk unnecessary duplication of issues and inconsistent relief in any subsequent action taken by plaintiffs against [GMAC], thereby undermining the interest of the courts in the complete, consistent, and efficient settlement of controversies." In re Loewen Group, 2001 WL 530544, at *3.

     Accordingly, consistent with the interest of Defendants in adequately defending themselves, and in the interest of the courts and the public in complete, consistent and efficient settlement of controversies, the Court hereby stays the proceedings as to all defendants, claims, and issues. See Roberts, 2005 WL 2094843, at *1.