UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____
SIMONA ROBINSON                             :
                          Plaintiff ,    :
            v.                                :
                                : Civil Action No. 12-cv-151
GMAC MORTGAGE;                              :
PHELAN HALLINAN & SCHMIEG, LLC,             :
                      Defendants.    :
_____:

**PLAINTIFF'S MOTION TO REMOVE CASE FROM SUSPENSE
AND FOR LEAVE TO AMEND COMPLAINT TO SUBSTITUTE DEFENDANT**

Plaintiff, by and through her counsel, Robert P Cocco and Matthew B. Weisberg, hereby move this Honorable Court to remove this matter from suspense status and for leave to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(2) and 20(a)(2) to substitute for defendant GMAC, Ocwen Loan Servicing LLC, ("Ocwen"). In support thereof, plaintiff alleges as follows:

1. Plaintiff filed this action on January 12, 2013 against her mortgage servicer, GMAC, and GMAC's foreclosure law firm, Phelan Hallinan, for violations of FDCPA, RESPA, and abuse of process in prosecuting a wrongful foreclosure against plaintiff after refusing her attempts to fully reinstate her home mortgage loan.

2. On or about July 25, 2012, GMAC filed notice of its Chapter 11 bankruptcy in this action.

3. On August 25, 2012, this Honorable Court placed the instant matter in suspense pending disposition of the GMAC bankruptcy in regards to any actions taken by plaintiff regarding her claims herein.

4. On or about November 21, 2012, sale of GMAC's servicing rights to Ocwen Loan Servicing LLC was approved by the bankruptcy court presiding in the Chapter 11 proceeding (Ex. "A" hereto).

5. Rather than file a proof of claim for assets that could not nearly, if at all, satisfy her claims in this action, plaintiff now seeks by this motion to remove this matter from suspense for purposes of continuing to prosecute its claims against PHS and substituting and asserting its claims against the new owner of the servicing rights to plaintiff's mortgage, Ocwen Loan Servicing LLC.

6. Under 11 U.S.C. §363(o) plaintiff's loan having been subject to Truth in Lending disclosures, plaintiff is entitled to assert her claims against Ocwen as the successor in interest to the loan's servicing rights.

WHEREFORE, Plaintiff respectfully requests leave of court to file a Second Amended Complaint to allege matters as aforesaid (see the proposed amended complaint attached as Ex. "B").

Dated: Jan. 10, 2013

RC 935
ROBERT P. COCCO, P.C.
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMONA ROBINSON : | |
| Plaintiff, : | |
| v. : | |
| : | Civil Action No. 12-cv-151 |
| GMAC MORTGAGE; : | |
| PHELAN HALLINAN & SCHMIEG, LLC, : | |
| Defendants. : | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION TO REMOVE CASE FROM SUSPENSE
AND FOR LEAVE TO AMEND COMPLAINT TO SUBSTITUTE DEFENDANT**

**I. ARGUMENT**

Pursuant to F.R.C.P. 15, and based on the foregoing Motion for Leave to Amend her First Amended Complaint ("the Motion"), plaintiff moves for leave to amend her allegations against Defendants to more fully set forth the scope of and parties involved in the disputed collection.

F.R.C.P. 15(a) states that "leave [to amend] shall be freely given when justice so requires". There is no statutory bar to amendment of plaintiff's complaint based on relation back doctrine and given Ocwen stepping into the shoes of GMAC as a successor entity.

Plaintiff's subject 1999 mortgage loan to purchase her home was made by a then national mortgage lender with federal Truth in Lending disclosures delivered to plaintiff in connection with the loan's origination (see Ex. "C"). The bankruptcy code, 11 U.S.C. §363(o), states in relevant part:

> **(o)** Notwithstanding subsection (f), if a person purchases any interest in a consumer credit transaction that is subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of

3

title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time), and if such interest is purchased through a sale under this section, then such person shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section.

Ocwen having purchased the servicing rights to plaintiff's loan in an auction administered by the U.S. bankruptcy court under section 363 as per plaintiff Motion Ex. A, Ocwen is now "subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section."

## II. CONCLUSION

Accordingly, plaintiff respectfully requests entry of an Order granting her Motion to remove this matter from suspense for leave to amend her Complaint in accordance with the proposed Second Amended Complaint attached hereto.

Dated: Jan. 10, 2013  
                                                                          RC 935  
                                                                          ROBERT P. COCCO, P.C.  
                                                                          WEISBERG LAW, P.C.  
                                                                          Attorneys for Plaintiff

5

## Certificate of Service

I, Robert P. Cocco, co-counsel for Plaintiffs, hereby certify that I filed the foregoing Motion to amend electronically and that all parties of record have been served electronically.


Dated: Jan. 10, 2013               /s/ Robert P. Cocco, Esquire
                                   ROBERT P. COCCO, P.C.